| | |
|---|---|
| James D. Weakley, Esq. | Bar No. 082853 |
| Erica M. Camarena, Esq. | Bar No. 227981 |

THE LAW FIRM OF
WEAKLEY, RATLIFF,
ARENDT & McGUIRE, LLP
1630 East Shaw Avenue, Suite 176
Fresno, California 93710

Telephone: (559) 221-5256
Facsimile: (559) 221-5262

Attorneys for Defendants, CITY OF FRESNO, JERRY DYER, MICHAEL MANFREDI, MARCUS K. TAFOYA, BELINDA ANAYA

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLAUDIA RENDON, GEORGE RENDON, PRISCILLA RENDON, LAWRENCE RENDON, RICARDO RENDON, JOHN NUNEZ, JR., ALFRED HERNANDEZ, AND VIVIAN CENTENO,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF FRESNO; JERRY DYER, individually and in his official capacity as the Chief of Police for the Fresno Police Department; MICHAEL MANFREDI, individually and in his official capacity as Police Sergeant for the Fresno Police Department; MARCUS K. TAFOYA, individually and in his official capacity as Police Officer for the Fresno Police Department; BELINDA ANAYA, individually and in her official capacity as Police Officer for the Fresno Police Department; and DOES 1 through 50, inclusive,<br><br>Defendants. | CASE NO. 1:06-cv-01851-OWW-NEW (TAG)<br><br>**EX PARTE REQUEST AND** ████<br>**ORDER TO RESPOND TO DISCOVERY**<br><br>Complaint Filed: 12/20/2006<br>Trial Date: TBA |

Pursuant to Local Rule 6-142 (c), the Court may, in its discretion, grant an initial extension ex parte upon an affidavit of counsel that a stipulation extending time cannot reasonably be obtained, explaining the reasons why such extension is necessary. Counsel shall

---

seek to obtain a necessary extension from the Court or from other counsel or parties in an action as soon as the need for an extension becomes apparent. Ibid.

A. **Stipulation from Counsel Cannot be Obtained**

On August 14, 2007, defense counsel, Erica M. Camarena, sent plaintiff's counsel a letter requesting an initial extension of two weeks to respond to plaintiff's request for production of documents. (See Letter dated August 14, 2007, attached as Exhibit A to the Declaration of Erica M. Camarena.) The letter was sent to plaintiff's counsel, Peter Kapetan, one day after the responses were due. In the letter, defense counsel explained the reason for the late request and her misunderstanding that she was of the impression that plaintiff had agreed to an extension with lead defense counsel, James D. Weakley.[1] In fact, Mr. Kapetan had agreed to an extension with Mr. Weakley, but with respect to another, directly related case, Ralph Rendon v City of Fresno.

A week later, Mr. Kapetan responded to Ms. Camarena's letter by phone and objected to her late request. Mr. Kapetan agreed to the extension, but only on the condition that defendants waive their objections due to the fact their request was made one-day late. Ms. Camarena could not agree to waive objections, and went on to inform Mr. Kapetan that the Internal Affairs Unit at the Fresno Police Department was then overwhelmed with our requests for documents demanded in other cases, but were diligently working in complying with plaintiffs' requests. Ms. Camarena also informed Mr. Kapetan that during a status conference held in the unrelated matter of Holly Louen v. City of Fresno and Officer Brian Twedt, Magistrate Judge Sandra M. Snyder ordered defendants to obtain and produce IA records/personnel files within a very short period of time. Defendants informed Judge Snyder that the IA Unit at the Police Department was then currently working on this matter involving Manfredi and Tafoya and they had their hands full. Judge Snyder responded, "if it's not screaming for trial, I would respectfully suggest that you back burner that one and do this one, because you know how Judge Wanger feels about this. This case will not be continued." (See Hearing Transcript, attached as Exhibit B to the

---

[1] James D. Weakley began a four-week trial on August 13, 2007 in re: the matter of Brooks v. City of Fresno, Fresno County Superior Court (Case No. 06 CE CG 01899 DSB).

declaration of Erica M. Camarena.)

Nevertheless, Mr. Kapetan insisted that defendants waived their objections.

On August 22, 2007, Ms. Camarena received an e-mail from Sheila Amato, Secretary to Mr. Kapetan, wherein she confirmed the conversation Mr. Kapetan had with Ms. Camarena. In the substance of those e-mails, Ms. Camarena again explained that defendants were working diligently with the IA Unit in obtaining the documents. Ms. Camarena again, reiterated that Jim Weakley was in trial and Ms. Camarena was preparing for the Holly Louen trial. Ms. Camarena further stated that the two week extension may not even be sufficient, and respectfully asked for an additional week, which Mr. Kapetan denied. (See Electronic Mail transmissions attached as Exhibit C to the declaration of Erica M. Camarena.)

**B.   Good Cause Is Shown - An Extension Was Requested As Soon As It Became Apparent that It Was Necessary.**

Defendants' responses to plaintiffs' production of documents request was due on August 13, 2007. One week before that, on or about August 8, 2007, in the midst of James Weakley preparing for his 4-week long trial, he informed Ms. Camarena that he obtained a two week extension from Mr. Kapetan to respond to discovery in the "Rendon" case. (See Declaration of Erica M. Camarena.) It was not until August 14, 2007, that Ms. Camarena learned that Mr. Weakley was referring to the "Ralph Rendon" case, not the "Claudia Rendon" case.

Ms. Camarena immediately sent Mr. Kapetan a letter informing him of the misunderstanding and apologizing for the late request. Ms. Camarena nonetheless, found it absolutely necessary to obtain at least a two-week extension. After not hearing back from Mr. Kapetan for a week, Ms. Camarena presumed the extension was acceptable. At no time did defendants intend to waive any objections.

**C.   An Extension to September 4, 2007, Should be Sufficient**

The IA Unit at the Fresno Police Department worked very hard to compile all the responsive documents and have provided those to Defense counsel's office. As this Court is well aware, the review of IA documents and personnel files is a tedious and time-consuming task. Any objections based on privilege must be accompanied by a lengthy, detailed privilege

log. With lead counsel James Weakley currently in a 4-week trial, and co-counsel Erica Camarena preparing for the Louen v. Twedt 15 day trial, it has been difficult to sit through and review each and every document. However, defendants are making progress and can have a meaningful response with appropriate objections served on plaintiff by September 4, 2007.

Defendants respectfully request this Court grant defendants' request for this necessary extension.

DATED: August 22, 2007

WEAKLEY, RATLIFF, ARENDT & McGUIRE, LLP

By: /s/ Erica M. Camarena
Erica M. Camarena
Attorneys for Defendants

//

## ORDER

Good cause having been shown, defendants are hereby granted an extension of time to respond to plaintiffs' Request For Production of Documents, Set One. Defendants shall serve their responses with appropriate objections, on or before September 4, 2007.

**IT IS SO ORDERED.**

United States Magistrate Judge
Theresa A. Goldner