James D. Weakley, Esq.        Bar No. 082853
Erica M. Camarena, Esq.       Bar No. 227981

THE LAW FIRM OF
WEAKLEY, RATLIFF,
ARENDT & McGUIRE, LLP
1630 East Shaw Avenue, Suite 176
Fresno, California 93710

Telephone: (559) 221-5256
Facsimile:  (559) 221-5262

Attorneys for Defendants, CITY OF FRESNO, JERRY DYER, MICHAEL MANFREDI, MARCUS K. TAFOYA, BELINDA ANAYA

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLAUDIA RENDON, GEORGE RENDON, PRISCILLA RENDON, LAWRENCE RENDON, RICARDO RENDON, JOHN NUNEZ, JR., ALFRED HERNANDEZ, AND VIVIAN CENTENO,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF FRESNO; JERRY DYER, individually and in his official capacity as the Chief of Police for the Fresno Police Department; MICHAEL MANFREDI, individually and in his official capacity as Police Sergeant for the Fresno Police Department; MARCUS K. TAFOYA, individually and in his official capacity as Police Officer for the Fresno Police Department; BELINDA ANAYA, individually and in her official capacity as Police Officer for the Fresno Police Department; and DOES 1 through 50, inclusive,<br><br>Defendants. | CASE NO. 1:06-cv-01851-OWW-TAG<br><br>**STIPULATED PROTECTIVE ORDER REGARDING INTERNAL AFFAIRS FILE NO. 2005-0156 (CELDON) MAINTAINED BY THE FRESNO POLICE DEPARTMENT** |

WHEREAS, the CITY OF FRESNO believes, in good faith, that the following

documents requested by the Plaintiffs, CLAUDIA RENDON, GEORGE RENDON,

PRISCILLA RENDON, LAWRENCE RENDON, RICARDO RENDON, JOHN NUNEZ, JR.,

---

Stipulated Protective Order re: IA File 2005-0156 (Celdon)

1  ALFRED HERNANDEZ, and VIVIAN CENTENO, contain information that is: (a)
2  confidential, sensitive, or potentially invasive of an individual's privacy interests; (b) not
3  generally known; and (c) not normally revealed to the public or third parties or, if disclosed to
4  third parties, would require such third parties to maintain the information in confidence:

5      1.    Fresno Police Department Internal Affairs File Number 2005-0156, and all
6          supporting documents.
7      2.    Transcripts of interviews associated with IA file No. 2005-0156.
8      3.    Audiotapes of interviews associated with IA file No. 2005-0156.

9  IT IS HEREBY STIPULATED, by, among and between the parties hereto through their
10  counsel of record, that the documents described above may be designated as "Confidential" by
11  the CITY OF FRESNO and produced subject to the following Protective Order:

12      1.    The disclosed documents shall be used solely in connection with the civil cases
13  of *Claudia Rendon, et al., v. City of Fresno, et al.*, Case No. 1:06-cv-01851-OWW-SMS (E.D.
14  Cal.) and *Lupe E. Martinez, et al v. City of Fresno*, Case No. 1:06 CV 00233 OWW LJO, (E.D.
15  Cal.) and in the preparation and trial of the cases, or any related proceeding. The CITY is not
16  waiving any objections to the admissibility of the documents or portions of the documents in
17  future proceedings, including the trials of the matters. Any documents submitted in related
18  litigation that were under seal, remain under seal in this action.

19      2.    A party producing the documents and materials described above may designate
20  those materials by affixing a mark labeling them as "Confidential." If any "Confidential"
21  materials cannot be labeled with the aforementioned marking, those materials shall be placed in
22  a sealed envelope or other container that is in turn marked "Confidential" in a manner agreed
23  upon by the disclosing and requesting parties.

24      3.    Documents or materials designated under this Protective Order as "Confidential"
25  may only be disclosed to the following persons:

26      a)    Peter N. Kapetan, counsel for Plaintiffs CLAUDIA RENDON, GEORGE
27  RENDON, PRISCILLA RENDON, LAWRENCE RENDON, RICARDO RENDON, JOHN
28  NUNEZ, JR., ALFRED HERNANDEZ, and VIVIAN CENTENO; and for plaintiff RALPH

1  RENDON in the related case *Lupe E. Martinez, et al v. City of Fresno*, Case No.  1:06 CV
2  00233 OWW LJO, (E.D. Cal.);
3        b)    Paralegal, clerical, and secretarial personnel regularly employed by counsel
4  referred to in subpart (a) directly above, including stenographic deposition reporters or
5  videographers retained in connection with this action;
6        c)    Charles M. Barrett, counsel for LUPE E. MARTINEZ, from the related case,
7  *Lupe E. Martinez, et al v. City of Fresno*, Case No. 1:06 CV 00233 OWW LJO, (E.D. Cal.);
8        d)    Paralegal, clerical, and secretarial personnel regularly employed by counsel
9  referred to in subpart (c) directly above, including stenographic deposition reporters or
10  videographers retained in connection with this action;
11        e)    Court personnel including stenographic reporters or videographers engaged in
12  proceedings as are necessarily incidental to the preparation for the trial of the civil action;
13        f)    Any expert, consultant or investigator retained in connection with this action; and
14        g)    The finder of fact at the time of trial, subject to the court's rulings on in limine
15  motions and objections of counsel.
16        4.    Prior to the disclosure of any Confidential information to any person identified in
17  paragraph 3, each such recipient of Confidential information shall be provided with a copy of
18  this Stipulated Protective Order, which he or she shall read.  Upon reading this Stipulated
19  Protective Order, such person shall acknowledge in writing that he or she has read this
20  Stipulated Protective Order and shall abide by its terms.  Such person must also consent to be
21  subject to the jurisdiction of the United States District Court, Eastern District of California, with
22  respect to any proceeding related to enforcement of this Protective Order, including without
23  limitation, any proceeding for contempt.  Provisions of this Protective Order, insofar as they
24  restrict disclosure and use of the material, shall be in effect until further order of this Court.
25  Plaintiff shall be responsible for internally tracking the identities of those individuals to whom
26  copies of documents marked Confidential are given.  The CITY OF FRESNO may not request
27  the identities of said individuals, however, until the final termination of the litigation or if it is
28  / / /

1  able to demonstrate a good faith basis that Plaintiffs, or an agent thereof, has breached the
2  Stipulated Protective Order.
3       5.    All documents or materials designated as "Confidential" pursuant to this
4  Protective Order, and all papers or documents containing information or materials designated as
5  "Confidential," that are filed with the Court for any purpose shall be filed and served under seal,
6  with the following statement affixed to the document or other information:
7      "This envelope is sealed pursuant to order of the Court and contains Confidential
8      Information filed in this case by [name of party] and is not to be opened or the contents
9      thereof to be displayed or revealed except by order of the Court."
10       6.    The designation of information as "Confidential," and the subsequent production
11  thereof, is without prejudice to the right of any party to oppose the admissibility of the
12  designated information.
13       7.    A party may apply to the Court for an order that information or materials labeled
14  "Confidential" are not, in fact, confidential.  Prior to so applying, the party seeking to reclassify
15  "Confidential" information shall meet and confer with the producing party.  Until the matter is
16  resolved by the parties or the Court, the information in question shall continue to be treated
17  according to its designation under the terms of this Order.  The producing party shall have the
18  burden of establishing the propriety of the "Confidential" designation.  A party shall not be
19  obligated to challenge the propriety of a confidentiality designation at the time made, and a
20  failure to do so shall not preclude a subsequent challenge thereto.
21       8.    <u>Copies of Confidential Documents</u>
22      The following procedures shall be utilized by the parties in production of documents and
23  materials designated "Confidential":
24          a)    Plaintiffs' counsel shall receive one copy of the Confidential documents.
25          b)    Plaintiffs' counsel shall not copy, duplicate, furnish, disclose, or
26  otherwise divulge any information contained in the confidential documents to any source
27  without further order of the Court or authorization from counsel for the City of Fresno.
28  / / /

---
Stipulated Protective Order re: IA File 2005-0156 (Celdon)

4

1         c)      If Plaintiffs, in good faith, require additional copies of documents marked "Confidential" in preparation of their case, they shall make a further request to counsel for the CITY OF FRESNO. Upon agreement with counsel for the CITY OF FRESNO, copies will be produced in a timely manner to Plaintiffs, pursuant to the procedures of this Stipulated Protective Order. Agreement shall not be unreasonably withheld by counsel for the CITY.

        d)      Plaintiffs shall be billed for the copying of the Confidential documents at the City's cost.

        e)      Defendants shall produce documents and material marked "Confidential" to plaintiff with a red marking on each page labeled:

"CONFIDENTIAL MATERIAL SUBJECT TO PROTECTIVE ORDER. PETER N. KAPETAN"and

"CONFIDENTIAL MATERIAL SUBJECT TO PROTECTIVE ORDER. CHARLES M. BARRETT."

        f)      If any document or information designated as "confidential" pursuant to this Protective Order is used or disclosed during the course of a deposition, that portion of the deposition record reflecting such material shall be stamped with the appropriate designation and access shall be limited pursuant to the terms of this Protective Order. The Court reporter for the deposition shall mark the deposition transcript cover page and all appropriate pages or exhibits, and each copy thereof, in accordance with paragraph 5 of this Protective Order. Only individuals who are authorized by this Protective Order to see or receive such material may be present during the discussion or disclosure of such material.

9.      Notwithstanding the provisions of paragraph 3, confidential information produced pursuant to this Protective Order may not be delivered, exhibited or otherwise disclosed to any reporter, writer or employee of any trade publication, newspaper, magazine or other media organization.

10.      Should any information designated confidential be disclosed, through inadvertence or otherwise, to any person not authorized to receive it under this Protective Order, the disclosing person(s) shall promptly (a) inform the CITY OF FRESNO of the recipient(s) and

---

Stipulated Protective Order re: IA File 2005-0156 (Celdon)

the circumstances of the unauthorized disclosure to the relevant producing person(s) and (b) use best efforts to bind the recipient(s) to the terms of this Protective Order.  No information shall lose its confidential status because it was disclosed to a person not authorized to receive it under this Protective Order.

11. After the conclusion of this litigation, all documents and materials, in whatever form stored or reproduced, containing "Confidential" information will remain confidential, and if filed with the Court, shall remain under seal.  All documents and materials produced to plaintiff pursuant to this stipulated protective order shall be returned to counsel for the CITY OF FRESNO in a manner in which counsel will be able to reasonably verify that all documents were returned.  All parties also ensure that all persons to whom "Confidential" documents or materials were disclosed shall be returned to counsel for defendants.  The conclusion of this litigation means a termination of the case following trial or settlement.

12. No later than 30 days of settlement or of receiving notice of the entry of an order, judgment, or decree terminating this action, all persons having received the confidential documents shall return said documents to counsel for the CITY OF FRESNO.

13. If any party appeals a jury verdict or order terminating the case, counsel for the CITY OF FRESNO shall maintain control of all copies of confidential documents.  If following an appeal, a new trial is ordered, the documents shall be returned to counsel for plaintiffs.

14. This Stipulated Protective Order shall remain in full force and effect and shall continue to be binding on all parties and affected persons after this litigation terminates, subject to any subsequent modifications of this Stipulated Protective Order for good cause shown by this Court or any Court having jurisdiction over an appeal of this action.  After this action terminates, any party may seek to modify or dissolve this Stipulated Protective Order by Court order for good cause shown or by the parties' stipulation.

15. The Court shall retain jurisdiction, even after this lawsuit terminates, (a) to make such amendments, modifications and additions to this Protective Order as it may from time to time deem appropriate upon good cause shown and (b) to adjudicate any dispute respecting improper use or disclosure of confidential material.

---

Stipulated Protective Order re: IA File 2005-0156 (Celdon)

DATED: October 1, 2007

WEAKLEY, RATLIFF, ARENDT & McGUIRE, LLP

By: /s/ James D. Weakley
James D. Weakley
Attorneys for Defendants

DATED: October 1, 2007

KAPETAN BROTHERS

By: /s/ Peter N. Kapetan
Peter N. Kapetan
Attorneys for Plaintiffs, CLAUDIA RENDON, GEORGE RENDON, PRISCILLA RENDON, LAWRENCE RENDON, RICARDO RENDON, JOHN NUNEZ, JR., ALFRED HERNANDEZ, and VIVIAN CENTENO; and Plaintiff RALPH RENDON

DATED: October 1, 2007

DREYER, BABISH, BUCCOLA & CALLAHAM

By: /s/ Charles M. Barrett
Charles M. Barrett
Attorneys for Plaintiff LUPE E. MARTINEZ

IT IS SO ORDERED.

**Dated:   October 2, 2007**      /s/ **Oliver W. Wanger**

UNITED STATES DISTRICT JUDGE

---

Stipulated Protective Order re: IA File 2005-0156 (Celdon)